## WADDEN v. CROW et al.

(Circuit Court of Appeals, Eighth Circuit. September 8, 1924.)

No. 6597.

**1. Vendor and purchaser ⬦180—Vendors held not bound to accept notes payable other than in manner provided in contract.**

Where notes tendered in partial payment of land with mortgages securing them provided for payment of portion of principal on interest-paying dates, instead of at expiration of five years, as provided in contract between parties, and relieved purchasers from personal liability, sellers were not bound to accept them.

**2. Vendor and purchaser ⬦180—Vendors held entitled to reject mortgages tendered without notes accompanying them.**

Where mortgages, which vendors had agreed to accept, when tendered were not accompanied by any notes, and contained no covenant per-

sonally obligating mortgagor, vendors were justified in refusing to accept them; mortgagors not being personally bound, in view of Rev. Code S. D. 1919, § 1551, subsec. 3.

**3. Principal and agent ⬦103(14) — Vendor's agent's failure to specify defects in tender held not to constitute waiver thereof.**

Failure of vendor's agent, who had authority only to close deal in manner provided by contract, to specify particular objections to form of tender made by purchaser, *held* not to constitute a waiver of defects in such tender.

**4. Principal and agent ⬦148(1)—Notice of agent's limited authority held sufficient.**

Vendors' notice to purchaser of land that particular person had been appointed agent to close deal, and fact that every modification or change in transaction involved a transaction directly with sellers, *held* sufficient notice that agent was one of limited authority.

**5. Appeal and error ⬦1152—Decree requiring specific performance held subject to modification in matter of mortgages to be given by purchaser.**

Where vendors of land agreed to accept in part payment a mortgage, a decree requiring specific performance of purchaser, and providing that, in event purchase price was not paid in cash, purchaser should give notes and mortgage, will be modified on appeal, so as to require mortgages carrying a personal obligation rather than mortgages and notes.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by Thomas A. Wadden against B. J. Crow and others for cancellation of contract for purchase of land and recovery of money paid thereunder, wherein defendants by answer prayed for decree of specific performance. From a decree for defendants as prayed, plaintiff appeals. Affirmed.

Ira F. Blewitt, of Madison, S. D., for appellant.

T. M. Bailey, of Sioux Falls, S. D. (C. O. Bailey, J. H. Voorhees, P. G. Honegger, and C. O. Bailey, Jr., all of Sioux Falls, S. D., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. This is a suit in equity, in which the plaintiff in the court below, appellant here, seeks the cancellation of a contract for the purchase and sale of land, together with the recovery of money paid thereunder, against the defendants, who are the appellees here. The defendants by answer deny the right of plaintiff to the relief sought, and seek a decree compelling the plaintiff to specifically perform the terms of the contract. The plaintiff was the purchaser, and the defendants the sellers, of the land in controversy. The trial court found generally for the defend-

ants, and entered its decree for the specific performance as prayed for in the answer. The facts, so far as necessary for the consideration of the legal points involved, are substantially as follows:

In June, 1919, the contract between the parties was entered into by which the defendants agreed to sell and the plaintiff agreed to purchase 280 acres of land, for which the sum of $42,000 was agreed to be paid, $9,500 to be paid in advance of the delivery of a deed, and the balance of $32,500 on the 1st of March, 1922, when the title would be transferred by deed. Provision was made in the contract for the payment of interest and taxes, the insurance of the buildings thereon by the purchaser, and the delivery of possession to the purchaser prior to the transfer of the title. The contract also provided that, at the option of the purchaser, the sellers would, at the time provided for the delivery of the deed, carry back a first mortgage upon the land for the sum of $25,000, payable in 5 years, with interest, provided the purchaser gave the sellers 60 days' notice of his intention to avail himself of the option.

The first payments were made in accordance with the terms of the contract, and thereafter negotiations were entered into by the purchaser with the sellers, looking to a modification of the contract in regard to the throwing off of interest and giving two mortgages, instead of one, upon the different parcels of the property; the purchaser having elected to return a mortgage as a part of the purchase price. These modifications were approved by the parties. When the time arrived for the delivery of the deeds, some discrepancies appeared in the abstracts of title, which, however, were subsequently cleared up. The sellers, being then in California, designated one Colgrove as their agent to close the deal by a transfer of the necessary papers, in a letter to the purchaser. The purchaser then tendered to this agent two notes, and two mortgages securing the notes, aggregating in amount $25,000, together with a check for the balance of the unpaid purchase price. These notes contained the following provisos: "Privilege given to pay $100 or any multiple of the same on any interest pay day," and "this note is given as a part of the purchase price of the land herein described, and the makers shall have no further responsibility above the security on which this mortgage is given." The agent of the sellers refused to accept the notes in the form as tendered without referring the matter to his principals. The defendants were communicated with and at a subsequent date advices were given the agent to accept the notes secured by the mortgages. The purchaser, however, then made a new tender of other mortgages without notes, which the agent of the sellers refused to accept. Still later the agent attempted to close the deal by an offer to accept the original notes and mortgages, but the purchaser refused to deliver the original notes and mortgages to the agent, and gave notice to the agent of a rescission of the contract and demanded the return of the amount paid thereon. In course of time the suit was filed by the purchaser for the purpose hereinbefore stated.

The question to be determined in the case, and upon which the decision must rest, is as to whether or not the plaintiff had the right to rescind in the manner and form selected by him. If he had that right, he should prevail in his suit. If he did not have the right, the defendants must prevail. While there are several points raised by the defendants as to the failure of the plaintiff to comply with the terms of his contract concerning insurance and the description of the debt contained in the mortgages, an examination of the terms of the original mortgages and notes and the second set of mortgages as to the payment of the amount represented by them will suffice in disposing of the case.

[1] Under the terms of the contract the purchaser agreed to pay the purchase price of $42,000, and this obligation was never modified or changed. This clause in the contract means that the purchaser was personally obligated to pay the money in the manner and form provided by the contract. This obligation was changed by the purchaser in the original mortgages and notes tendered, by reason of the fact that the notes provided for the payment of a portion of the principal at interest-paying dates instead of at the expiration of the period of 5 years, and also relieved the purchaser of personal liability for the debt. The first set of mortgages and notes were therefore not in accordance with the terms of the contract and the sellers were not legally bound to accept them.

[2] The second set of mortgages had no notes accompanying them, and contained no covenant personally obligating the mortgagor to pay the amount for which the mortgages were given. Subsection 3 of section 1551 of the South Dakota Revised Code of 1919 provides as follows: "A mortgage does not bind the mortgagor personally to

perform the act for the performance of which it is a security, unless there is an express covenant * * * to that effect." The form of the second set of mortgages, coupled with this statute, clearly leads to the conclusion that the purchaser did not thereby become obligated personally to pay the balance of the purchase price represented by the mortgage. This was a fatal variance in complying with the terms of the contract providing for the personal obligation of the purchaser to pay the purchase price. The sellers were therefore justified in refusing to accept the second set of mortgages.

[3, 4] The only other point in the case which requires notice is that raised by the plaintiff, to the effect that the agent of the sellers waived any defects by not specifying the particular objections to the form of tender by the purchaser at the time. An examination of the evidence, however, does not seem to sustain this theory; and, furthermore, the evidence clearly shows that the agent was merely one with authority to close the deal in accordance with the terms of the contract and in no way authorized to vary or modify those terms. Under these circumstances, the silence of the agent would not bind his principals upon the question of waiver. This theory is directly supported by the fact that every modification or change which was made involved a transaction directly with the sellers and by the notice to the purchaser that the agent was merely appointed to close the deal. This was sufficient to advise the purchaser that the agent was merely one to carry out the terms of the contract and without authority to vary its terms. Under these circumstances it is the law that the agent is one with limited authority. 2 C. J. 645; National Iron Armor Co. v. Bruner, 19 N. J. Eq. 331; Henry v. Lane, 128 Fed. 243, 62 C. C. A. 625.

In the view which the court takes of the foregoing circumstances, the plaintiff was not entitled to rescind the contract, and therefore not entitled to prevail in this suit. The record also discloses that there was a sharp decline in the price of land after the execution of the contract and before it was sought to carry out its terms completely, which offers a reasonable presumption as to why the plaintiff may have desired to be relieved from the terms of his contract.

[5] The defendants were also in all fairness entitled to a decree for specific performance, and the trial court so found. In the decree, however, it was inadvertently indicated, in connection with the specific performance required of plaintiff, that in the event the purchase price was not to be paid in cash that the purchaser should give notes and mortgages for the balance of the purchase price in accordance with the modified terms of the contract. Inasmuch as mortgages may be given without notes, the decree will be modified, so as to require mortgages carrying a personal obligation to pay the debt, and, as so modified, the decree of the trial court will be and is affirmed.